## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | Master Docket No. 19-cv-1717 |
| | ) | |
| In re: WATTS COORDINATED | ) | Judge Valderrama |
| PRETRIAL PROCEEDINGS | ) | |
| | ) | Magistrate Judge Finnegan |
| | ) | |
| | ) | JURY DEMANDED |
| | ) | |
| | ) | |

**This Document Relates to** *Percy Bolden v. City of Chicago*, No. 22-cv-5437

### DEFENDANT KALLATT MOHAMMED'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Kallatt Mohammed ("Mohammed"), by and through his attorneys, Daley Mohan Groble, P.C., respectfully submits the following answer to the Complaint filed by Plaintiff, Percy Bolden, as well as his defenses and jury demand, and states as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343 and 1367.

**ANSWER:** **Defendant Mohammed admits to the jurisdiction of this Court.**

### I. Parties

2. Plaintiff Percy Bolden is a resident is a resident of the Northern District of Illinois.

**ANSWER:** **Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph.**

3. Defendant City of Chicago is an Illinois municipal corporation.

**ANSWER: Upon information and belief, Defendant Mohammed admits the allegations contained in this paragraph.**

4.   Defendant Ronald Watts was at all relevant times acting under color of his office as a Chicago police officer. Plaintiff sues Watts in his individual capacity only.

**ANSWER:   Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph.**

5.   Defendants Brian Bolton, Robert Gonzalez, Manuel Leano, Kallatt Mohammed, Douglas Nichols Jr., and Elsworth Smith Jr. (the "individual officer defendants") were at all relevant times acting under color of their offices as Chicago police officers. Plaintiff sues the individual officer defendants in their individual capacities only.

**ANSWER:   Defendant Mohammed objects to the term "color of their offices" as vague and ambiguous. Without waiver, Defendant Mohammed admits that he was employed and performing his duties as a Chicago police officer at the time of this incident. He lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations contained in this paragraph.**

6.   Defendant Philip Cline was at all relevant times Superintendent of the Chicago Police Department. Plaintiff sues Cline in his individual capacity only.

**ANSWER:   Upon information and belief, Defendant Mohammed admits that Philip Cline was Superintendent of the Chicago Police Department. He lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations contained in this paragraph.**

7.   Defendant Debra Kirby was at all relevant times the Assistant Deputy Superintendent of the Chicago Police Department, acting as head of the Chicago Police Department Internal Affairs Division. Plaintiff sues Kirby in her individual capacity only.

**ANSWER: Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph.**

**II.   Overview**

8.    Plaintiff Bolden is one of many victims of the criminal enterprise run by convicted felon and former Chicago Police Sergeant Ronald Watts and his tactical team at the Ida B. Wells Homes in the 2000's.

**ANSWER:    Defendant Mohammed objects to the undefined and prejudicial term "criminal enterprise" as vague and ambiguous.  Without waiver, upon the advice of counsel, and to the extent that such allegations purport to apply to him, Defendant Mohammed respectfully invokes the rights guaranteed to him by the Fifth Amendment of the United States Constitution regarding the subject matter of this paragraph.  Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations against other defendants contained in this paragraph.**

9.    As of the date of filing, more than 150 individuals who were framed by the Watts Gang have had their convictions vacated by the Circuit Court of Cook County.

**ANSWER:    Defendant Mohammed objects to the undefined and prejudicial terms "Watts Gang" and "framed."  Without waiver, upon the advice of counsel, and to the extent that such allegations purport to apply to him, Defendant Mohammed respectfully invokes the rights guaranteed to him by the Fifth Amendment of the United States Constitution regarding the subject matter of this paragraph.  Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations contained in this paragraph.**

10.    Many victims of the Watts Gang are currently prosecuting federal lawsuits. Pursuant to an order of the Court's Executive Committee dated July 12, 2018, these cases have been coordinated for pretrial proceedings under the caption, *In Re: Watts Coordinated Pretrial Proceedings*, 19-cv- 01717.

**ANSWER:    Defendant Mohammed objects to the use of the undefined and prejudicial terms "Watts Gang" and "framed." Without waiver, Defendant**

**Mohammed admits that numerous federal civil cases filed by other individuals have been coordinated for pretrial proceedings under the caption In Re: Watts Coordinated Pretrial Proceedings, 19-CV-01717.**

11. The Executive Committee's Order states that additional cases, such as this one, filed with similar claims and the same defendants shall be part of these coordinated pretrial proceedings.

**ANSWER:    Defendant Mohammed admits the allegations contained in this paragraph.**

12. The Watts Gang of officers engaged in robbery and extortion, used excessive force, planted evidence, fabricated evidence, and manufactured false charges.

**ANSWER:    Defendant Mohammed objects to the undefined and prejudicial term "Watts Gang." Without waiver, upon the advice of counsel, and to the extent that such allegations purport to apply to him, Defendant Mohammed respectfully invokes the rights guaranteed to him by the Fifth Amendment of the United States Constitution regarding the subject matter of this paragraph. Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations against other defendants contained in this paragraph.**

13. High ranking officials within the Chicago Police Department were aware of the Watts Gang's criminal enterprise but failed to take any action to stop it.

**ANSWER:    Defendant Mohammed objects to the undefined and prejudicial terms "Watts Gang" and "criminal enterprise." Without waiver, Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph.**

14. The Chicago Police Department's official policies and customs of failing to discipline, supervise, and control its officers, as well as its "code of silence," were a proximate cause of the Watts Gang's criminal enterprise.

**ANSWER:** **Defendant Mohammed objects to the undefined and prejudicial terms "Watts Gang" and "criminal enterprise." Without waiver, Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph.**

15. Watts Gang officers arrested plaintiff without probable cause, fabricated evidence, and framed him for drug offenses.

**ANSWER:** **Defendant Mohammed objects to the undefined and prejudicial term "Watts Gang." Without waiver, upon the advice of counsel, and to the extent that such allegations purport to apply to him, Defendant Mohammed respectfully invokes the rights guaranteed to him by the Fifth Amendment of the United States Constitution regarding the subject matter of this paragraph. Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations against other defendants contained in this paragraph.**

16. Based on the powerful evidence that has become known about the Watts Gang's nearly decade-long criminal enterprise, the Circuit Court of Cook County vacated plaintiff's conviction and granted plaintiff a certificate of innocence.

**ANSWER:** **Defendant Mohammed objects to the undefined and prejudicial terms "Watts Gang" and "criminal enterprise." Without waiver, Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph.**

17. Plaintiff brings this lawsuit to secure a remedy for illegal incarceration, illegal restraints on liberty, and other injuries, all of which were caused by: the Watts Gang officers, the failure of high-ranking officials within the Chicago Police Department to stop the Watts Gang, the code of silence within the Chicago Police Department, and the Chicago Police Department's defective discipline policy.

**ANSWER:** **Defendant Mohammed objects to the undefined and prejudicial term "Watts Gang." Without waiver, Defendant Mohammed lacks sufficient knowledge**

**upon which to form a belief as to the truth of the allegations contained in this**

**paragraph.**

### III.    False Arrest and Illegal Prosecution of Plaintiff

18.   On June 20, 2006, plaintiff was arrested by the individual officer defendants while he was playing chess at Madden Park in Chicago.

**ANSWER:    Defendant Mohammed lacks sufficient information upon which to form**

**a belief as to the truth of the allegations contained in this paragraph.**

19.   At the time the officers arrested plaintiff:
   a.       None of the individual officer defendants had a warrant authorizing the arrest of plaintiff Newell;
   b.       None of the individual officer defendants believed that a warrant had been issued authorizing the arrest of plaintiff Newell;
   c.       None of the individual officer defendants had observed plaintiff Newell commit any offense; and
   d.       None of the individual officer defendants had received information from any source that plaintiff Newell had committed an offense.

**ANSWER:    Upon the advice of counsel, and to the extent that such allegations**

**purport to apply to him, Defendant Mohammed respectfully invokes the rights**

**guaranteed to him by the Fifth Amendment of the United States Constitution**

**regarding the subject matter of Paragraph 19 and subparagraphs (a) through (d)**

**thereof.   Defendant Mohammed lacks sufficient knowledge upon which to form a**

**belief as to the truth of the remaining allegations against other defendants contained in**

**this paragraph and subparagraphs (a) through (d).**

20.   After arresting plaintiff, the individual officer defendants conspired, confederated, and agreed to fabricate a false story in an attempt to justify the unlawful arrest, to cover-up their wrongdoing, and to cause plaintiff to be wrongfully detained and prosecuted.

**ANSWER:    Upon the advice of counsel, and to the extent that such allegations**

**purport to apply to him, Defendant Mohammed respectfully invokes the rights**

**guaranteed to him by the Fifth Amendment of the United States Constitution**

**regarding the subject matter of this paragraph.**

21. The false story fabricated by the individual officer defendants included their concocted claim that they saw plaintiff drop a bag of drugs and run from them.

**ANSWER:** **Upon the advice of counsel, and to the extent that such allegations**

**purport to apply to him, Defendant Mohammed respectfully invokes the rights**

**guaranteed to him by the Fifth Amendment of the United States Constitution**

**regarding the subject matter of this paragraph. Defendant Mohammed lacks**

**sufficient knowledge upon which to form a belief as to the truth of the remaining**

**allegations against other defendants contained in this paragraph.**

22. The acts of the individual officer defendants in furtherance of their scheme to frame plaintiff include the following:

    a.            One or more of the individual officer defendants prepared police reports containing the false story, and each of the other individual officer defendants failed to intervene to prevent the violation of plaintiffs' rights;

    b.            One or more of the individual officer defendants attested to the false story through the official police reports, and each of the other individual officer defendants failed to intervene to prevent the violation of plaintiffs' rights;

    c.            Defendant Watts formally approved one or more of the official police reports, knowing that the story set out therein was false; and

    d.            One or more of the individual officer defendants communicated the false story to prosecutors, and each of the other individual officer defendants failed to intervene to prevent the violation of plaintiffs' rights.

**ANSWER:** **Upon the advice of counsel, and to the extent that such allegations**

**purport to apply to him, Defendant Mohammed respectfully invokes the rights**

**guaranteed to him by the Fifth Amendment of the United States Constitution**

**regarding the subject matter of Paragraph 22 and subparagraphs (a) through (d)**

**thereof. Defendant Mohammed lacks sufficient knowledge upon which to form a**

**belief as to the truth of the remaining allegations against other defendants contained in**

**Paragraph 22 and subparagraphs (a) through (d).**

23. The individual officer defendants committed the above-described wrongful acts knowing that the acts would cause plaintiff to be held in custody and falsely prosecuted for an offense that had never occurred.

**ANSWER:** **Upon the advice of counsel, and to the extent that such allegations purport to apply to him, Defendant Mohammed respectfully invokes the rights guaranteed to him by the Fifth Amendment of the United States Constitution regarding the subject matter of this paragraph. Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations against other defendants contained in this paragraph.**

24. Defendant Watts was one cause of the above-described wrongful acts through his direction, encouragement, and facilitation of similar wrongful acts by the individual officer defendants.

**ANSWER:** **Upon the advice of counsel, and to the extent that such allegations purport to apply to him, Defendant Mohammed respectfully invokes the rights guaranteed to him by the Fifth Amendment of the United States Constitution regarding the subject matter of this paragraph. Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations against other defendants contained in this paragraph.**

25. As the leader of the above-described criminal enterprise, Watts trained the individual officer defendants to commit the above-described wrongful acts, encouraged the individual officer defendants to commit the above-described wrongful acts, and failed to intervene to prevent the violation of plaintiff's rights.

**ANSWER:** **Upon the advice of counsel, and to the extent that such allegations purport to apply to him, Defendant Mohammed respectfully invokes the rights guaranteed to him by the Fifth Amendment of the United States Constitution regarding the subject matter of this paragraph. Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations against other defendants contained in this paragraph.**

26. Plaintiff was charged with a drug offense because of the wrongful acts of Watts and the individual officer defendants.

**ANSWER:** **Upon the advice of counsel, and to the extent that such allegations purport to apply to him, Defendant Mohammed respectfully invokes the rights guaranteed to him by the Fifth Amendment of the United States Constitution regarding the subject matter of this paragraph. Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations against other defendants contained in this paragraph.**

27. Plaintiff knew that it would be impossible to prove that the individual officer defendants had concocted the charges.

**ANSWER:** **Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph.**

28. Accordingly, even though he was innocent, plaintiff pleaded guilty to a drug offense on September 14, 2006, and was sentenced to serve 30 months in the Illinois Department of Corrections.

**ANSWER:** **Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph.**

29. Plaintiff was deprived of liberty because of the above-described wrongful acts of defendant Watts and the individual officer defendants.

**ANSWER:** **Upon the advice of counsel, and to the extent that such allegations purport to apply to him, Defendant Mohammed respectfully invokes the rights guaranteed to him by the Fifth Amendment of the United States Constitution regarding the subject matter of this paragraph. Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations against other defendants contained in this paragraph.**

IV. **Plaintiff's Exoneration**

30.     Plaintiff challenged the above-described wrongful conviction after learning that federal prosecutors and lawyers for other wrongfully convicted individuals had discovered the Watts Gang's criminal enterprise.

**ANSWER:     Defendant Mohammed objects to the undefined and prejudicial terms "Watts Gang" and "criminal enterprise." Without waiver, Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph.**

31.   On April 22, 2022, the Circuit Court of Cook County vacated plaintiff's conviction and granted the State's request to *nolle prosequi* the case.

**ANSWER:     Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph.**

32.     On June 7, 2022, the Circuit Court of Cook County granted plaintiff a certificate of innocence.

**ANSWER:     Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph.**

### V.     Plaintiffs' Arrests and Prosecutions Were Part of a Long-Running Pattern Known to High-Ranking Officials within the Chicago Police Department

33.     Before the Watts Gang engineered plaintiff's above-described wrongful arrest, detention, and prosecution, the Chicago Police Department had received many civilian complaints that defendant Watts and the Watts Gang were engaging in robbery, extortion, the use of excessive force, planting evidence, fabricating evidence, and manufacturing false charges against persons at the Ida B. Wells Homes.

**ANSWER:     Defendant Mohammed objects to the undefined and prejudicial term "Watts Gang."  Without waiver, upon advice of counsel, and to the extent that such allegations purport to apply to him, Defendant Mohammed respectfully invokes the rights guaranteed to him by the Fifth Amendment of the United States Constitution regarding the subject matter of this paragraph.  Defendant Mohammed lacks**

**sufficient knowledge upon which to form a belief as to the truth of the remaining**

**allegations against other defendants contained in this paragraph.**

34. Criminal investigators corroborated these civilian complaints with information they obtained from multiple cooperating witnesses.

**ANSWER:** **Defendant Mohammed lacks sufficient knowledge upon which to form a**

**belief as to the truth of the allegations contained in this paragraph.**

35. Before the Watts Gang engineered plaintiff's above-described wrongful arrest, detention, and prosecution, defendants Cline and Kirby knew about the above-described credible allegations of serious wrongdoing by Watts and the Watts Gang and knew that criminal investigators had corroborated these allegations.

**ANSWER:** **Upon the advice of counsel, and to the extent that such allegations**

**purport to apply to him, Defendant Mohammed respectfully invokes the rights**

**guaranteed to him by the Fifth Amendment of the United States Constitution**

**regarding the subject matter of this paragraph. Defendant Mohammed lacks**

**sufficient knowledge upon which to form a belief as to the truth of the remaining**

**allegations against other defendants contained in this paragraph.**

36. Defendants Cline and Kirby also knew, before the Watts Gang engineered plaintiff's above-described wrongful arrest, detention, and prosecution, that, absent intervention by the Chicago Police Department, Watts and his gang would continue to engage in robbery and extortion, use excessive force, plant evidence, fabricate evidence, and manufacture false charges.

**ANSWER:** **Upon the advice of counsel, and to the extent that such allegations**

**purport to apply to him, Defendant Mohammed respectfully invokes the rights**

**guaranteed to him by the Fifth Amendment of the United States Constitution**

**regarding the subject matter of this paragraph. Defendant Mohammed lacks**

**sufficient knowledge upon which to form a belief as to the truth of the remaining**

**allegations against other defendants contained in this paragraph**

37. The Internal Affairs Division of the Chicago Police knew about the lawlessness of Watts and his gang by 2004.

**ANSWER:** **Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph.**

38. Defendants Cline and Kirby had the power and the opportunity to prevent Watts and his gang from continuing to engage in the above-described wrongdoing.

**ANSWER:** **Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph.**

39. Defendants Cline and Kirby deliberately chose to turn a blind eye to the wrongdoing by Watts and his gang.

**ANSWER:** **Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph**

40. As a direct and proximate result of the deliberate indifference of defendants Cline and Kirby, Watts and his gang continued to engage in robbery and extortion, use excessive force, plant evidence, fabricate evidence, and manufacture false charges against persons at the Ida B. Wells Homes, including but not limited to the wrongful arrest, detention, and prosecution of plaintiff, as described above.

**ANSWER:** **Defendant Mohammed objects to the undefined and prejudicial term "gang." Without waiver, upon advice of counsel, and to the extent that such allegations purport to apply to him, Defendant Mohammed respectfully invokes the rights guaranteed to him by the Fifth Amendment of the United States Constitution regarding the subject matter of this paragraph. Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations against other defendants contained in this paragraph.**

### VI. Official Policies and Customs of the Chicago Police Department Were the Moving Force behind the Defendants' Misconduct

41. At all relevant times, the Chicago Police Department maintained official

policies and customs that facilitated, encouraged, and condoned the Defendants' misconduct.

**ANSWER:** **The allegations in this paragraph are not directed to Defendant**

**Mohammed and therefore he makes no answer thereto.**

### A. Failure to Discipline

42.  At all relevant times, the Chicago Police Department maintained a policy or custom of failing to discipline, supervise, and control its officers. By maintaining this policy or custom, the City caused its officers to believe that they could engage in misconduct with impunity because their actions would never be thoroughly scrutinized.

**ANSWER:** **The allegations in this paragraph are not directed to Defendant**

**Mohammed and therefore he makes no answer thereto.**

43.  Before plaintiffs' arrests, policymakers for the City of Chicago knew that the Chicago Police Department's policies or customs for disciplining, supervising, and controlling its officers were inadequate and caused police misconduct.

**ANSWER:** **The allegations in this paragraph are not directed to Defendant**

**Mohammed and therefore he makes no answer thereto.**

44.  Despite their knowledge of the City's failed policies and customs for disciplining, supervising, and controlling its officers, the policymakers failed to take action to remedy these problems.

**ANSWER:** **The allegations in this paragraph are not directed to Defendant**

**Mohammed and therefore he makes no answer thereto.**

45. Before the Watts Gang engineered plaintiffs' above-described wrongful arrests, detentions, and prosecutions, the individual officer defendants had been the subject of numerous formal complaints of official misconduct.

**ANSWER:** **Defendant Mohammed objects to the undefined and prejudicial term**

**"Watts Gang."  Without waiver, upon advice of counsel, and to the extent that such**

**allegations purport to apply to him, Defendant Mohammed respectfully invokes the**

**rights guaranteed to him by the Fifth Amendment of the United States Constitution**

-13-

**regarding the subject matter of this paragraph. Defendant Mohammed lacks**

**sufficient knowledge upon which to form a belief as to the truth of the remaining**

**allegations against other defendants contained in this paragraph**

46. As a direct and proximate result of the Chicago Police Department's inadequate policies or customs for disciplining, supervising, and controlling its officers and the policymakers' failure to address these problems, Watts and his gang continued to engage in robbery and extortion, use excessive force, plant evidence, fabricate evidence, and manufacture false charges against persons at the Ida B. Wells Homes, including but not limited to the wrongful arrests, detentions, and prosecutions of plaintiffs, as described above.

**ANSWER:** **Defendant Mohammed objects to the undefined and prejudicial term**

**"gang." Without waiver, upon advice of counsel, and to the extent that such**

**allegations purport to apply to him, Defendant Mohammed respectfully invokes the**

**rights guaranteed to him by the Fifth Amendment of the United States Constitution**

**regarding the subject matter of this paragraph. Defendant Mohammed lacks**

**sufficient knowledge upon which to form a belief as to the truth of the remaining**

**allegations against other defendants contained in this paragraph.**

### B. Code of Silence

47. At all relevant times, the Chicago Police Department maintained a "code of silence" that required police officers to remain silent about police misconduct. An officer who violated the code of silence would be severely penalized by the Department.

**ANSWER:** **Defendant Mohammed lacks sufficient information upon which to form**

**a belief as to the truth of the allegations contained in this paragraph.**

48. At all relevant times, police officers were trained at the Chicago Police Academy not to break the code of silence. Officers were instructed that "Blue is Blue. You stick together. If something occurs on the street that you don't think is proper, you go with the flow. And after that situation, if you have an issue with that officer or what happened, you can confront them. If you don't feel comfortable working with them anymore, you can go to the watch commander and request a new partner. But you never break the code of silence."

**ANSWER:** **Defendant Mohammed lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.**

49. This "code of silence" facilitated, encouraged, and enabled the individual officer defendants to engage in egregious misconduct for many years, knowing that their fellow officers would cover for them and help conceal their widespread wrongdoing.

**ANSWER:** **Upon advice of counsel, and to the extent that such allegations purport to apply to him, Defendant Mohammed respectfully invokes the rights guaranteed to him by the Fifth Amendment of the United States Constitution regarding the subject matter of this paragraph. Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations against other defendants contained in this paragraph.**

50. Consistent with this "code of silence," the few people within the Chicago Police Department who stood up to Watts and his gang or who attempted to report their misconduct were either ignored or punished, and the Watts Gang was thereby able to engage in misconduct with impunity.

**ANSWER:** **Defendant Mohammed objects to the undefined and prejudicial terms "gang" and "Watts Gang." Without waiver, upon advice of counsel, and to the extent that such allegations purport to apply to him, Defendant Mohammed respectfully invokes the rights guaranteed to him by the Fifth Amendment of the United States Constitution regarding the subject matter of this paragraph. Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations contained in this paragraph.**

51. Watts and his gang are not the first Chicago police officers whom the City of Chicago allowed to abuse citizens with impunity while the City turned a blind eye.

**ANSWER:** **Defendant Mohammed objects to the undefined and prejudicial term "gang." Without waiver, upon advice of counsel, and to the extent that such allegations**

**purport to apply to him, Defendant Mohammed respectfully invokes the rights guaranteed to him by the Fifth Amendment of the United States Constitution regarding the subject matter of this paragraph. Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations contained in this paragraph.**

52. One example of this widespread practice is Chicago police officer Jerome Finnigan, who was convicted and sentenced on federal criminal charges in 2011. One of the charges against Finnigan involved his attempt to hire a hitman to kill a police officer whom Finnigan believed would be a witness against him.

<u>**ANSWER:**</u>    **The allegations in this paragraph are not directed to Defendant Mohammed and therefore he makes no answer thereto.**

53. Finnigan was part of a group of officers in the Defendant City's Special Operations Section who carried out robberies, home invasions, unlawful searches and seizures, and other crimes.

<u>**ANSWER:**</u>    **The allegations in this paragraph are not directed to Defendant Mohammed and therefore he makes no answer thereto.**

54. Finnigan and his crew engaged in their misconduct at around the same time that plaintiffs were subjected to the abuses described above.

<u>**ANSWER:**</u>    **The allegations in this paragraph are not directed to Defendant Mohammed and therefore he makes no answer thereto.**

55. Finnigan, like the defendants in this case, had been the subject of many formal complaints of misconduct.

<u>**ANSWER:**</u>    **The allegations in this paragraph are not directed to Defendant Mohammed and therefore he makes no answer thereto.**

56. Finnigan revealed at his criminal sentencing hearing in 2011, "You know, my bosses knew what I was doing out there, and it went on and on. And this wasn't the exception to the rule. This was the rule."

<u>**ANSWER:**</u>    **The allegations in this paragraph are not directed to Defendant**

Mohammed and therefore he makes no answer thereto.

57.  Defendants Watts and Mohammed were criminally charged in federal court in February 2012 after shaking down a federal informant they believed was a drug dealer.

**ANSWER:    Defendant Mohammed objects to the undefined and prejudicial term "shaking down."  Without waiver, Defendant Mohammed admits that in 2012, he was criminally charged for violation of 18 U.S.C. §§ 641 and 642.  Except as specifically admitted, Defendant Mohammed denies the remaining allegations contained in this paragraph.**

58.    Defendant Mohammed pleaded guilty in 2012.

**ANSWER:    Defendant Mohammed admits that he pleaded guilty in 2012 to a violation of 18 USC §641. Except as specifically admitted, Defendant Mohammed denies the remaining allegations contained in this paragraph.**

59.    Defendant Watts pleaded guilty in 2013.

**ANSWER:    The allegations in this paragraph are not directed to Defendant Mohammed and therefore he makes no answer thereto.**

60.  In the case of *Obrycka v. City of Chicago et al*., No. 07-cv-2372 (N.D. Ill.), a federal jury found that, as of February 2007, "the City [of Chicago] had a widespread custom and/or practice of failing to investigate and/or discipline its officers and/or code of silence."

**ANSWER:    The allegations in this paragraph are not directed to Defendant Mohammed and therefore he makes no answer thereto.**

61.  In December 2015, Chicago Mayor Rahm Emanuel acknowledged the continued existence of the code of silence within the Chicago Police Department; Emanuel, speaking in his capacity as Mayor, admitted that the code of silence leads to a culture where extreme acts of abuse are tolerated.

**ANSWER: The allegations in this paragraph are not directed to Defendant Mohammed and therefore he makes no answer thereto.**

62. In April 2016, the City's Police Accountability Task Force found that the code of silence "is institutionalized and reinforced by CPD rules and policies that are also baked into the labor agreements between the various police unions and the City."

**ANSWER:** **The allegations in this paragraph are not directed to Defendant Mohammed and therefore he makes no answer thereto.**

63. In an official government report issued in January 2017, the United States Department of Justice found that "a code of silence exists, and officers and community members know it."

**ANSWER:** **The allegations in this paragraph are not directed to Defendant Mohammed and therefore he makes no answer thereto.**

64. On March 29, 2019, then-Chicago Police Superintendent Eddie Johnson publicly acknowledged the code of silence, stating that some Chicago police officers "look the other way" when they observe misconduct by other Chicago police officers.

**ANSWER:** **The allegations in this paragraph are not directed to Defendant Mohammed and therefore he makes no answer thereto.**

65. In October 2020, Chicago Police Superintendent David Brown acknowledged in public comments that the "code of silence" continues to exist.

**ANSWER:** **The allegations in this paragraph are not directed to Defendant Mohammed and therefore he makes no answer thereto.**

66. The same code of silence in place during the time period at issue in the *Obrycka* case and recognized by the Mayor, Superintendent Johnson, Superintendent Brown, the Task Force, and the Department of Justice was also in place when plaintiffs suffered the wrongful arrests, detentions, and prosecutions described above.

**ANSWER:** **The allegations in this paragraph are not directed to Defendant Mohammed and therefore he makes no answer thereto.**

67. As a direct and proximate result of the City's code of silence, Watts and his gang continued to engage in robbery and extortion, use excessive force, plant evidence, fabricate evidence, and manufacture false charges against persons at the Ida B. Wells Homes, including but not limited to the wrongful arrests,

detentions, and prosecutions of plaintiffs, as described above.

**ANSWER:    Defendant Mohammed objects to the undefined and prejudicial term "gang." Without waiver, upon advice of counsel, and to the extent that such allegations purport to apply to him, Defendant Mohammed respectfully invokes the rights guaranteed to him by the Fifth Amendment of the United States Constitution regarding the subject matter of this paragraph. Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations against other defendants contained in this paragraph.**

### VII.    Claims

68.  As a result of the foregoing, all of the defendants caused plaintiffs to be deprived of rights secured by the Fourth and Fourteenth Amendments.

**ANSWER:    Defendant Mohammed objects to the term "foregoing" as vague and overly broad. Without waiver, upon advice of counsel, and to the extent that such allegations purport to apply to him, Defendant Mohammed respectfully invokes the rights guaranteed to him by the Fifth Amendment of the United States Constitution regarding the subject matter of this paragraph. Defendant Mohammed lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations against other defendants contained in this paragraph.**

69.  As a supplemental state law claim against defendant City of Chicago only: as a result of the foregoing, plaintiffs were subjected to malicious prosecution under Illinois law.

**ANSWER:    This paragraph seeks no relief against Defendant Mohammed and therefore he makes no answer thereto.**

70. Plaintiffs hereby demands trial by jury.

**ANSWER:** **Defendant Mohammed admits that Plaintiffs demand a trial by jury and joins in said demand.**

**AFFIRMATIVE DEFENSES**

1. To the extent Defendant Mohammed was in fact involved in Plaintiffs' arrest at issue, Defendant Mohammed is entitled to qualified immunity. He is a government official who performed discretionary functions. At the time of the incidents referenced in Plaintiffs' Complaint, Defendant Mohammed was an on-duty member of the Chicago Police Department who was executing and enforcing the law. At all times relevant to Plaintiffs' Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Mohammed could have believed his actions to be lawful, in light of clearly established law and the information the officers possessed at the time.

2. To the extent Defendant Mohammed was in fact involved in Plaintiffs' arrest at issue, Defendant Mohammed is not liable for his individual participation in the arrest because, as a public employee, his actions were discretionary and he is immune from liability. 745 ILCS 10/2-201. As a result, the City of Chicago is also not liable to Plaintiff. 745 ILCS 10/2-109.

3. A public employee is not liable for his act or omission in the execution of any law unless such act or omission constitutes willful or wanton misconduct. 745 ILCS 10/2-202. To the extent Defendant Mohammed was in fact involved in Plaintiffs' arrest at issue, Defendant Mohammed was acting in the execution and enforcement of the law at the time of any interactions with Plaintiff and Defendant Mohammed's individual acts were neither willful nor wanton. As a result, Defendant Mohammed is not liable to Plaintiff. 745 ILCS 10/2-109.

4.      To the extent Plaintiff failed to mitigate any of his claimed damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff.

5.      Under the Tort Immunity Act, to the extent Defendant Mohammed was in fact involved in Plaintiffs' arrest at issue, Defendant Mohammed is not liable for any injury allegedly caused by the instituting or prosecuting of any judicial or administrative proceeding when done within the scope of his employment, unless such action was done maliciously and without probable cause. 745 ILCS 10/2-208.

6.      Under the Tort Immunity Act, Defendant Mohammed is not liable for any injury caused by the action or omission of another public employee. 745 ILCS 10/2-204.

7.      To the extent Plaintiff seeks to impose liability based on testimony given by Defendant Mohammed, if any was in fact given by Mohammed, the officer is absolutely immune from liability. *Rehberg v. Paulk*, 132 S. Ct. 1497 (2012);

8.      Plaintiffs' claims in the Complaint are barred by the doctrines of *res judicata* and collateral estoppel.

**WHEREFORE**, Defendant, Kallatt Mohammed, denies that Plaintiffs Lolita Newell and Richard Scales are entitled to the relief requested in the Complaint, or to any relief whatsoever, against Mohammed and demands: 1) entry of a judgment dismissing Plaintiffs' Complaint in its entirety as to Defendant Mohammed; 2) for an award of the costs incurred in defending this action; and 3) for such other relief as the Court deems appropriate.

## JURY DEMAND

Defendant, Kallatt Mohammed, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Eric S. Palles  #2136473
ERIC S. PALLES
Special Assistant Corporation Counsel

Eric S. Palles
Sean M. Sullivan
Kathryn M. Doi
Daley Mohan Groble P.C.
55 W. Monroe St., Suite 1600
Chicago, IL 60603
(312) 422-9999
epalles@daleymohan.com
ssullivan@daleymohan.com
kdoi@daleymohan.com
*Counsel for Defendant Kallatt Mohammed*

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2022, I caused the foregoing Defendant Kallatt

Mohammed's Answer to Plaintiffs' Complaint to be served on all counsel of record using the

CM/ECF system, which will send notification of such filing to all counsel of record.

/s/Eric S. Palles
Special Assistant Corporation Counsel
One of the attorneys for Kallatt Mohammed